ORTIZ & ORTIZ, L.L.P.                         **Hearing Date: November 24, 2015**
32-72 Steinway Street, Ste. 402               **Hearing Time: 10:00 A.M.**
Astoria, New York  11103
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
Norma E. Ortiz
Martha J. de Jesus
*Proposed Counsel to the Debtor*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:

                                              Chapter 11

PARRILLA GRILL REST. INC.

                                              Case No. 15-12210 (JLG)

                              Debtor.
-------------------------------------------------------X

### NOTICE OF DEBTOR'S MOTION FOR AN ORDER GRANTING
### THE VOLUNTARY DISMISSAL OF CHAPTER 11 CASE

**PLEASE TAKE NOTICE**, that upon the annexed motion (the "Motion") of the above

captioned Debtor and Debtor-In-Possession (the "Debtor"), the undersigned will move this Court

before the Honorable James L. Garrity, United States Bankruptcy Judge, at the United States

Bankruptcy Court, One Bowling Green, Courtroom 601, New York, New York, 10004 on the

24th day of November, 2015 at 10:00 a.m. for the entry of an order voluntarily dismissing this

Chapter 11 case pursuant to Bankruptcy Code § 1112(b)(1) together with such other and further

relief as is just, proper and equitable under the circumstances.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief requested in

the Motion must be made in writing and (b) must be filed with the Clerk of the Bankruptcy Court

electronically at www.nysb.uscourts.gov.  If you do not have the ability to file an objection

electronically, the objection may be filed with the Clerk of the Court by presenting the Clerk

with a copy of the objection saved in .pdf format by November 17, 2015.  A copy of the

objection must be provided to (a) the Chambers of the James L. Garrity, (b) Debtor's counsel, at

the address listed below, and (c) all parties filing Notices of Appearance, so as to be received no

later than seven (7) days prior to the hearing.  The objection must comply with the Bankruptcy

Rules and the Local Bankruptcy Rules of the court and must state with particularity the legal and

factual bases for such objection.


Dated:  October 22, 2015
        Queens, New York

                                        _/s/Martha J. de Jesus_____
                                        Martha J. de Jesus
                                        Norma E. Ortiz
                                        Ortiz & Ortiz, LLP
                                        32-72 Steinway Street, Suite 402
                                        Astoria, New York 11103
                                        Tel. (718) 522-1117
                                        *Proposed Attorneys for the Debtor*

ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York  11103
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
Norma E. Ortiz
Martha J. de Jesus
*Proposed Counsel to the Debtor*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:

PARRILLA GRILL REST. INC.

                                  Debtor.
-------------------------------------------------------X

Chapter 11

Case No. 15-12210 (JLG)

### DEBTOR'S MOTION FOR AN ORDER GRANTING
### THE VOLUNTARY DISMISSAL OF CHAPTER 11 CASE

TO THE HONORABLE JAMES L. GARRITY,
UNITED STATES BANKRUPTCY JUDGE:

       Parrilla Grill Rest., Inc., (the "Debtor"), by its attorneys Ortiz & Ortiz, LLP, respectfully

submits this motion for the entry of an order voluntarily dismissing this Chapter 11 case pursuant

to 11 U.S.C. § 1112(b)(1), together with such other and further relief as is just, proper and

equitable under the circumstances (the "Motion").  In support of this Motion, the Debtor

respectfully states as follows:

### BACKGROUND

       1.      On August 8, 2015, the Debtor filed a voluntary petition under chapter 11 of the

Bankruptcy Code.

       2.      On September 21, 2015, the Debtor appeared at its Section 341 meeting of

creditors.

3.      The Debtor operated a small restaurant located on 137th Street and Broadway prior to its bankruptcy filing.  The Debtor intended to utilize the protection of the Court to attempt to reorganize its affairs.  Unfortunately, the Debtor was unable to do so.

4.      Because of the size of the tax claims filed against the Debtor, there are no unencumbered assets available for unsecured creditors.  N.Y. State asserts no less than $78,000 in secured claims, and no less than $350,000 in priority claims.  The Debtor's assets consist primarily of used furniture and equipment; their value is woefully less than the amount due to the taxing authorities.  In addition, the Debtor owes a substantial amount of rent on its lease.

5.      The Debtor's only assets are the contents of the restaurant it operates:  used furniture and equipment.  The Debtor believes that its assets are wholly encumbered by the secured tax liens from New York State.  As a result, a liquidation would not generate any payment to its unsecured creditors.

### RELIEF REQUESTED

6.      By this Motion, the Debtor seeks entry of an order dismissing its Chapter 11 case pursuant to 11 U.S.C. § 1112(b)(1).  That section provides in relevant part that the Court is granted authority to dismiss a Chapter 11 proceeding if dismissal is in the best interests of creditors and the estate.

7.      Because of the cessation of the Debtor's operations, its insurmountable unpaid rental obligations, and the size of its tax debt, the Debtor can not propose a plan of reorganization.  Moreover, the Debtor's assets consist of used furniture and equipment that has nominal value.  The Debtor presumes that N.Y. State's tax liens wholly encumber all of the Debtor's assets.

8.      For these reasons, the Debtor's seeks dismissal of its case, and asserts that

2

dismissal is in the best interests of its creditors.  If the Debtor is able to sell any of its assets, it

intends to remit the proceeds to the N.Y.S.  Department of Taxation.  Adding a layer of

administrative expense to perform that task would only diminish the return to creditors.  <u>E.g.</u>, <u>In

re Babayoff</u>, 445 B.R. 64 (Bankr. E.D.N.Y. 2011) (stating that a court may find that where a

trustee would impose an unaffordable burden, dismissal may well be in the estate's best

interests.).  For these reasons, the Debtor believes the best interest of its creditors will be

achieved by dismissing its Chapter 11 case.

9.      Debtor served notice of this Motion upon all parties in interest and known

creditors of the Debtor.

WHEREFORE, the Debtor respectfully requests that the Court dismiss this Chapter 11

case and grant any other and further relief as is just and proper under the circumstances.

Dated: October 22, 2015
        Queens, New York

                                                    _/s/Martha J. de Jesus_____
                                                    Martha J. de Jesus
                                                    Norma E. Ortiz
                                                    Ortiz & Ortiz, LLP
                                                    32-72 Steinway Street, Suite 402
                                                    Astoria, New York 11103
                                                    Tel. (718) 522-1117
                                                    *Proposed Attorneys for the Debtor*

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:

                                                             Chapter 11

PARRILLA GRILL REST. INC.

                                                             Case No. 15-12210 (JLG)

                              Debtor.
--------------------------------------------------------X

### DECLARATION OF GINO HERNANDEZ IN SUPPORT OF THE
### DEBTOR'S MOTION FOR AN ORDER GRANTING
### THE VOLUNTARY DISMISSAL OF CHAPTER 11 CASE

      Gino Hernandez, president of the above-captioned debtor in possession ("Debtor'),

hereby declares, to the best of his knowledge and belief, as follows:

      1.      I have reviewed the annexed motion for an order granting the voluntary dismissal

of the Debtor's chapter 11 case (the "Motion").

      2.      The information contained in the Motion is true and accurate.  The Debtor's only

assets are its used furniture and equipment.

      3.      In the event that I am able to sell any of the Debtor's assets, the proceeds from

such a sale will be paid to New York State Department of Taxation and Finance to offset the

outstanding tax warrants against the Debtor.

      I declare, under the penalty of perjury, that the foregoing is accurate and true.


Dated: October 22, 2015
       Queens, New York

                                       */s/ Gino Hernandez*
                                        Gino Hernandez, President

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:

Chapter 11

PARRILLA GRILL REST. INC.

Case No. 15-12210 (JLG)

Debtor.
-------------------------------------------------------X

## ORDER DISMISSING THE CHAPTER 11 CASE

UPON consideration of the motion (the "Motion") of Parrilla Grill Rest., Inc., the

above-captioned Debtor and Debtor-In-Possession (the "Debtor") by its attorneys Ortiz & Ortiz,

LLP, seeking entry of an order dismissing this Chapter 11 case, and a hearing having been held

before this Court to consider the Motion on November 24, 2015, at 10:00 a.m.; and upon the

record of this case; and no objection having been filed; and the Court having determined that due

notice of the Motion was given, it is hereby

**ORDERED**, that the case is hereby dismissed; and it is further

**ORDERED**, that the Debtor pay to the United States Trustee the appropriate sum

required pursuant to 28 U.S.C. § 1930 and any applicable interest pursuant to 31 U.S.C. § 3717

within twenty (20) days of the entry of this order and simultaneously provide to the United States

Trustee an appropriate affidavit indicating the cash disbursements for the relevant period.

Dated: November ___, 2015
      New York, New York

_____
HONORABLE JAMES L. GARRITY
UNITED STATES BANKRUPTCY JUDGE